UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| ENTERGY NUCLEAR VERMONT YANKEE, LLC, | : | |
| and ENTERGY NUCLEAR  OPERATIONS, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Docket No. 1:11-cv-99 (jgm) |
| | : | |
| PETER SHUMLIN, in his official capacity as | : | |
| GOVERNOR OF THE STATE OF VERMONT; | : | |
| WILLIAM SORRELL, in his official capacity as the | : | |
| ATTORNEY GENERAL OF THE STATE OF | : | |
| VERMONT; and JAMES VOLZ, JOHN BURKE | : | |
| and DAVID COEN, in their official capacities as | : | |
| MEMBERS of THE VERMONT PUBLIC | : | |
| SERVICE BOARD, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

MEMORANDUM AND ORDER ON
NEW ENGLAND COALITION, INC.'S MOTION TO INTERVENE
(Doc. 21)

New England Coalition, Inc. ("NEC"), moves to intervene as a defendant in this matter

under Federal Rule of Civil Procedure 24, asserting it has an interest relating to the subject of this

action, it is situated so that disposing of the action may as a practical matter impair or impede its

ability to protect its interest, and no existing parties adequately represent its interest.  NEC is a

Vermont not-for-profit corporation that opposes nuclear hazards and has advocated for increased

safety and more effective regulation and oversight of Vermont Yankee Nuclear Power Station

("Vermont Yankee") in Vernon, Vermont.  Only Plaintiffs oppose the motion to intervene.

The motion is denied because NEC's interest in this case is adequately represented by

the Attorney General, representing the State of Vermont, which shares NEC's ultimate objective

in upholding the constitutionality of Vermont's statutory and regulatory scheme governing the

Vermont Yankee nuclear plant.  NEC, therefore, may not intervene as of right.  Permissive

intervention, which is wholly discretionary, also is denied because NEC's participation as a party

could unduly delay adjudication of this matter, and again, its interests are adequately represented

by the State of Vermont.  NEC, however, will be allowed to file legal memoranda in the capacity

of amicus curiae, or friend of the court.


<u>DISCUSSION</u>

I.       <u>Intervention of Right</u>

NEC fails to satisfy one of the four requirements for intervention as of right under

Federal Rule of Civil Procedure 24(a).  The Rule provides:

> (a)  Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
> (1)      is given an unconditional right to intervene by a federal statute; or
>
> (2)      claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

NEC does not assert a right to intervene under a federal statute and makes its application

solely under Rule 24(a)(2).  The Second Circuit has interpreted Rule 24(a)(2) to require that a

movant: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the

interest may be impaired by the disposition of the action, and (4) show that the interest is not

protected adequately by the parties to the action." <u>United States v. City of New York</u>, 198 F.3d 360, 364 (2d Cir. 1999).

The Circuit has made clear that a motion for intervention "will be denied unless all four requirements are met." <u>United States v. Pitney Bowes, Inc.</u>, 25 F.3d 66, 70 (2d Cir. 1994).  The failure to satisfy any one of the requirements, therefore, is grounds for denial.  <u>City of New York</u>, 198 F.3d at 364.

Here, NEC's motion undoubtedly is timely, as it was filed early in the case, just over two weeks after the Complaint was filed, and before the first scheduling conference in this matter.

NEC, however, has not demonstrated the fourth requirement, that the State of Vermont cannot adequately protect its interest in this action.  Given this, the Court need not decide whether NEC has met the second and third requirements by showing an interest in the action or that its interest may be impaired, for even if those requirements were satisfied, NEC is not entitled to intervene as of right.

While a party seeking intervention as of right has a minimal burden in showing representation may be inadequate, that party "must at least overcome the presumption of adequate representation that arises when it has the same ultimate objective as a party to the existing suit." <u>U.S. Postal Serv. v. Brennan</u>, 579 F.2d 188, 191 (2d Cir. 1978) (affirming denial of intervention to postal union adequately represented by Postal Service, where both held same ultimate objective in favor of constitutionality of a statutory and regulatory scheme).  A proposed intervenor, furthermore, "must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*." <u>City of New York</u>, 198 F.3d at 367 (finding, among

3

other things, that a coalition opposed to water filtration was sufficiently represented by governmental parties in a suit to enforce federal law and regulations mandating water filtration, and denying intervention); <u>Natural Res. Def. Council v. N.Y. State Dep't of Envtl. Conservation</u>, 834 F.2d 60, 62 (2d Cir. 1987) (finding fact that suit was being defended by state and federal government weighed in favor of adequate representation of proposed intervenors).  The adequacy of existing representation is an assessment "within the discretion of the district court."  <u>Brennan</u>, 579 F.2d at 191.

NEC's interest is adequately represented by the State of Vermont in this case, which has represented it will vigorously defend its statutory and regulatory scheme and shares NEC's ultimate objective.  Indeed, NEC has not explained how its views would diverge from those of Vermont; it professes its interest is "to ensure that the Vermont Yankee plant is not relicensed," and concedes "Vermont appears to have accepted NEC's position, and decided that the continued operation of this plant in our State is not in the public good."  (NEC Mtn. to Intervene at 9, Doc. 21-1 at 13.)  The legal issues presented by Plaintiffs' Complaint are whether Vermont's statutory and regulatory scheme is preempted by federal law under the Supremacy Clause and whether it burdens interstate commerce in violation of the Commerce Clause.  Vermont represented in the most recent scheduling conference that it will argue its laws and regulations are constitutional. While NEC points to its past disagreements with the State of Vermont in administrative proceedings, those disagreements regarded "reliability, land use, and economic concerns."  (<u>Id.</u> at 12, Doc. 21-1 at 16.)  NEC concedes that "NEC and the State of Vermont may both argue that the Court should find that the State retains jurisdiction over certain matters related to Vermont Yankee," <u>id.</u>,  and fails to explain how its past differences with Vermont on collateral matters

4

would have any bearing on the legal questions presented in this litigation, or how its legal arguments might differ from those to be made by existing Defendants.

NEC's argument that Vermont may be more open to settling the suit and less likely to appeal a decision than NEC is also unavailing.  The Second Circuit has held professed differences in trial strategy are insufficient to entitle a party to intervene as of right.  See United States v. Yonkers Bd. of Educ., 902 F.2d 213, 218 (2d Cir. 1990) ("If disagreement with an actual party over trial strategy, including over whether to challenge or appeal a court order, were sufficient basis for a proposed intervenor to claim that its interests were not adequately represented, the requirement would be rendered meaningless.").

NEC's application for intervention as of right is therefore denied.

II.   Permissive Intervention

Permissive intervention is also unnecessary and unwarranted here.  Rule 24(b)(1)(B) provides a court may grant permissive intervention on a timely motion to anyone "who has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The rule further provides that a court, in exercising its discretion under Rule 24(b), "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Permissive intervention is "wholly discretionary."  Brennan, 579 F.2d at 191.  Here, as is true for intervention of right, NEC's interests are adequately represented by Vermont.   NEC has not persuaded the Court that its participation will add significantly to existing Defendants' development of the legal and factual issues in the case, since its ultimate objective is the same as that of Defendants.  Finally, given the Court's recent order setting an expedited schedule for the case, affording NEC status as a full

5

party, with the right to conduct discovery, present oral argument, and question witnesses, would unduly delay resolution of the case.

<u>CONCLUSION</u>

NEC's motion to intervene as a defendant is DENIED.

NEC may file, on or before May 31, 2011, a motion for leave of court to file as amicus curiae a memorandum of law supporting Defendants' Opposition to Plaintiffs' pending Motion for a Preliminary Injunction.  The motion for leave to file must be accompanied by the proposed memorandum of law as an attachment and state (1) the movant's interest, and (2) the reason why an amicus memorandum is desirable and why matters asserted are relevant to the disposition of the preliminary injunction motion.

An amicus curiae memorandum is of considerable help to the Court if it brings to the Court's attention relevant matters that the parties have not already addressed.  A filing that does not serve this purpose burdens the Court and is not favored.  The proposed amicus memorandum shall be no longer than 15 pages.  This shorter limit is appropriate because an amicus memorandum is supplemental, it should address matters not adequately addressed by a party, and it may omit items included in a party's memorandum.

The proposed amicus memorandum shall include a statement indicating whether a person other than the amicus curiae, its members, or its counsel, contributed money that was intended to fund preparing or submitting the memorandum, and if so, identify each such person. If the motion for leave to file as amicus curiae is granted, amicus curiae may not file a reply memorandum or participate in oral argument absent the Court's permission.  <u>See, e.g.</u>, Fed. R. App. P. 29(a), prescribing similar procedures for amicus curiae briefs in appellate proceedings.

6

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of May, 2011.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
Senior United States District Judge