UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ENTERGY NUCLEAR VERMONT YANKEE, LLC,     :
 and ENTERGY NUCLEAR  OPERATIONS, INC.,          :
                                                                              :
                        Plaintiffs,                                   :
                                                                              :
            v.                                                             :            Docket No. 1:11-cv-99-jgm
                                                                              :
PETER SHUMLIN, in his official capacity as       :
GOVERNOR OF THE STATE OF VERMONT;    :
WILLIAM SORRELL, in his official capacity as the :
ATTORNEY GENERAL OF THE STATE OF        :
VERMONT; and JAMES VOLZ, JOHN BURKE    :
and DAVID COEN, in their official capacities as    :
MEMBERS of THE VERMONT PUBLIC              :
SERVICE BOARD,                                              :
                                                                              :
                        Defendants.                                :
_____:

MEMORANDUM AND ORDER ON
MOTION OF CONSERVATION LAW FOUNDATION
AND VERMONT PUBLIC INTEREST RESEARCH GROUP
TO INTERVENE AS PARTY DEFENDANTS
(Doc. 28)

        The Conservation Law Foundation ("CLF") and Vermont Public Interest Research

Group ("VPIRG") jointly move to intervene as party defendants under Federal Rule of Civil

Procedure 24 on grounds they satisfy the Rule's requirements for both intervention as of right

and permissive intervention.  CLF, a Massachusetts not-for-profit corporation, is an

environmental organization that conducts clean energy campaigns and advocates to protect New

England communities and their environment.  VPIRG, a Vermont not-for-profit corporation, is

an environmental and consumer advocacy organization that campaigns for local renewable

energy resources.  Both CLF and VPIRG ("Movants") assert they have been intervenors in

regulatory proceedings concerning a leak investigation, licensing, and a proposed 2002 sale of

the nuclear plant at issue in this litigation, the Vermont Yankee Nuclear Power Station ("Vermont Yankee"), in Vernon, Vermont.  They also have offered testimony in legislative proceedings regarding the plant's environmental and economic impact, and its reliability.

Plaintiffs oppose the motion to intervene.  Defendants do not oppose it and have not represented they support it.  After careful consideration of the proposed intervenors' and Plaintiffs' submissions and the supporting case law, the motion is denied, because the interests of both Movants in this case are adequately represented by the State of Vermont, which shares their ultimate objective in upholding the constitutionality of Vermont's statutory and regulatory scheme governing Vermont Yankee.  CLF and VPIRG therefore may not intervene as of right. Permissive intervention, which is wholly discretionary, also is denied because the Movants' participation as parties would unduly delay adjudication of this matter, and their interests are adequately represented by the State of Vermont.  CLF and VPIRG, however, will be allowed to move to file joint legal memoranda in the capacity of amicus curiae, or friend of the court, in this case.

<u>DISCUSSION</u>

I.      <u>Intervention as of Right</u>

CLF and VPIRG fail to satisfy one of the four requirements for intervention as of right under Federal Rule of Civil Procedure 24(a).  The Rule provides:

> (a)   Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
>        (1)   is given an unconditional right to intervene by a federal statute; or
>
>        (2)   claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing

of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Movants do not assert a right to intervene under a federal statute and make their application solely under Rule 24(a)(2).  The Second Circuit has interpreted Rule 24(a)(2) to require that a movant: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999).

The Second Circuit has made clear that a motion for intervention "will be denied unless all four requirements are met."  United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).  The failure to satisfy any one of the requirements, therefore, is grounds for denial.  City of New York, 198 F.3d at 364.

Here, CLF and VPIRG's joint motion is timely, as it was filed early in the case, within four weeks of the Complaint.

CLF and VPIRG, however, have not demonstrated the Rule's fourth requirement, that the State of Vermont does not adequately represent and protect their claimed interest in this action.  Given this, the Court need not decide whether Movants have met the second and third requirements by showing sufficient interest in the action or that their interest may be impaired, for even if those requirements were satisfied, Movants are not entitled to intervene as of right.  Some discussion of the Movants' claimed interest is warranted, however, because the claimed

interest and whether it will be impaired bears on the Court's analysis of whether Vermont sufficiently represents that interest in this case.

       A.    <u>Movants' Claimed Interest and Impairment</u>

       CLF and VPIRG argue their members have an interest in the subject of this litigation because (1) they participated in regulatory proceedings regarding a 2002 proposed sale of the plant, a licensing proceeding, and a leak investigation, and thus have an interest in assuring their efforts and expenditures in those proceedings are not nullified; (2) they offered legislative testimony regarding the environmental and economic impact of Vermont's power supply and its reliability; and (3) their members enjoy the resources protected by the Vermont law governing the plant's licensing.   (CLF/VPIRG Mem. in Supp. of Mot., Doc. 28-1 at 4-8; CLF/VPIRG Reply Mem., Doc. 37 at 5.)

       This Court has read the cases cited in the Movants' and Plaintiffs' memoranda and is aware that courts have come to differing conclusions regarding the sufficiency of a movant's claimed interest when it stems from participation in regulatory, administrative, or legislative proceedings related in some manner to the subject of the suit.  <u>Compare</u> <u>Pub. Serv. Co. of N.H. v. Patch</u>, 136 F.3d 197, 206 (1st Cir. 1998) (declining to find participation in administrative proceedings was, *per se*, sufficient to create an interest in litigation regarding proceeding results), <u>with</u> <u>In re Sierra Club</u>, 945 F.2d 776, 779 (4th Cir. 1991) (holding environmental group involved in administrative permitting proceedings regarding hazardous waste disposal had an interest in suit challenging resulting regulation, where group did not seek to intervene merely as lobbyist or based on speculative future interest).  Furthermore, courts differ in whether they evaluate the claimed interest in light of the specific claims asserted in the lawsuit.  <u>Compare</u> <u>Pub. Serv. Co. of</u>

N.H., 136 F.3d at 206 ("we must evaluate the asserted administrative-proceeding interest in light of the specific claims embodied in the lawsuit pending before the district court . . . in keeping with the pragmatic cast of Rule 24(a)(2)"), with Utah Ass'n of Cntys. v. Clinton, 255 F.3d 1246, 1252 (10th Cir. 2001) ("interest of the intervenor is not measured by the particular issue before the court . . ."). This Court need not decide which standard applies here, because even if the Movants' interests in the subject matter of this action are broadly construed, disposition of this suit will not impair or impede their ability to protect those interests where existing Defendants adequately represent them. At least one circuit has noted that, "in a challenge to the constitutionality of an already enacted statute, as opposed to the process by which it is enacted, the public interest in its enforceability is entrusted for the most part to the government, and the public's legal interest in the legislative process becomes less relevant." Northland Family Planning Clinic v. Cox, 487 F.3d 323, 345 (6th Cir. 2007) (denying advocacy organization right to intervene in support of state defendants in a constitutional challenge to a state statute, where organization had been involved in the process leading to the adoption of the challenged statute).

The Movants' claimed interest in the enjoyment of resources protected by the Vermont scheme is identical to that of Vermonters, whose interest in resource preservation is represented by Defendants. With respect to the regulatory and legislative processes preceding enactment, Movants essentially argue that the effort and resources they expended in the proceedings will be nullified if Plaintiffs prevail in this action. This is essentially an interest in the ultimate enforcement of Vermont's statutory and regulatory scheme. Even if it is sufficient under Rule 24(a), existing Defendants adequately represent that interest in this case.

B.      Vermont Adequately Represents Proposed Intervenors

Movants do not dispute that their ultimate objective is identical to that of existing Defendants – to have this Court uphold the constitutionality of Vermont's statutory and regulatory scheme – and that existing Defendants will vigorously pursue that objective.

While a party seeking intervention as of right has a minimal burden in showing representation may be inadequate, that party "must at least overcome the presumption of adequate representation that arises when it has the same ultimate objective as a party to the existing suit." U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978) (affirming denial of intervention to postal union adequately represented by Postal Service, where both held same ultimate objective in favor of constitutionality of a statutory and regulatory scheme).  A proposed intervenor, furthermore, "must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*."  City of New York, 198 F.3d at 367 (finding, among other things, that a coalition opposed to water filtration was sufficiently represented by governmental parties in a suit to enforce federal law and regulations mandating water filtration, and denying intervention); see also Natural Res. Def. Council v. N.Y. State Dep't of Envtl. Conservation, 834 F.2d 60, 62 (2d Cir. 1987) (finding fact that suit was being defended by state and federal government weighed in favor of adequate representation of proposed intervenors); Pub. Serv. Co. of N.H., 136 F.3d at 207 (burden of showing inadequate representation "ratcheted upward" because "the commissioners are defending the Plan in their capacity as members of a representative governmental body"); United Nuclear Corp. v. Cannon, 696 F.2d 141, 144 (1st Cir. 1982) (CLF's interest in defending a state statute adequately represented by Rhode Island, which would argue statute requiring bond to defray contamination costs was not preempted).

In considering whether a proposed intervenor's interests are adequately represented by other parties, it may be wise to consider the representation, and the possibility interests will be impaired, in light of the claims in the suit.  As a practical matter, if the defense presented by existing parties adequately represents those interests, the proposed intervenor's ability to protect them is not likely to be impaired.  The adequacy of existing representation is an assessment "within the discretion of the district court."  <u>Brennan</u>, 579 F.2d at 191.  The central issue in this suit is whether the challenged Vermont laws and regulations are preempted by federal law, and this Court will not be assessing the desirability of a nuclear plant in Vermont.

Even if Movants have an interest in the subject matter of this litigation, their interest is adequately represented by the State of Vermont, which has demonstrated it is vigorously defending its statutory and regulatory scheme and shares both organizations' ultimate objective. This Court has reviewed both the Plaintiffs' and Defendants' respective sixty-page legal memoranda on Plaintiffs' Motion for a Preliminary Injunction and their respective supporting affidavits and documentary evidence.  It has also heard the parties present their positions at a preliminary scheduling conference.  While the Defendants have not yet answered the Complaint, their memorandum and exhibits in response to the Motion for a Preliminary Injunction articulate in detail the legal arguments addressing the Plaintiffs' likelihood of success on the merits and provide a sufficient basis for assessing Defendants' ability to represent proposed intervenors' interests.  The Attorney General of the State of Vermont articulates a staunch defense of Vermont's statutory and regulatory scheme on grounds it is not preempted by federal law.  He argues Plaintiffs' Federal Power Act and Dormant Commerce Clause claims are without merit, and that Plaintiffs are not entitled to preliminary or permanent equitable relief.

CLF and VPIRG suggest their interests are not adequately represented by Defendants because the "State's duties could dictate different approaches to the litigation." (CLF/VPIRG Mem. in Supp. of Mot., Doc. 28-1 at 10.) They claim their interests as non-profit organizations are "unique," while the State must balance a broader range of competing interests, namely the environment, citizens' interests in energy supply, "industry interests, budgetary concerns, consumer and utility interests;" and they claim CLF's other New England members have interests, which Movants do not identify, that differ from those of Vermonters. (Id. at 11-12.)

As this Court observed in denying New England Coalition's motion to intervene, however, the Second Circuit has held professed differences in trial strategy are insufficient to entitle a party to intervene as of right. See United States v. Yonkers Bd. of Educ., 902 F.2d 213, 218 (2d Cir. 1990) ("If disagreement with an actual party over trial strategy, including over whether to challenge or appeal a court order, were sufficient basis for a proposed intervenor to claim that its interests were not adequately represented, the requirement would be rendered meaningless."). Furthermore, Movants point out Vermont represents a broader range of state interests, but they do not explain how those will alloy Defendants' singular interest in arguing the challenged Vermont laws and regulations violate neither the Supremacy Clause nor the Commerce Clause. Finally, CLF has not explained how its non-Vermont members' interests differ from those of Vermonters such that they could not be represented adequately by existing Defendants.

In sum, Movants do not dispute that they share Vermont's interest in the constitutionality of the challenged statutory and regulatory scheme. They have not demonstrated that, as a practical matter, Vermont's defense may be inadequate and impair their interests.

8

Accordingly, CLF and VPIRG's motion to intervene as of right is denied.

II.      Permissive Intervention

Permissive intervention is also unnecessary and unwarranted here.  Rule 24(b)(1)(B) provides a court may grant permissive intervention on a timely motion to anyone "who has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The rule further provides that a court, in exercising its discretion under Rule 24(b), "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Permissive intervention is "wholly discretionary."  Brennan, 579 F.2d at 191.  The Court has carefully considered CLF and VPIRG's arguments in favor of permissive intervention.  Here, as is true for intervention of right, Movants' interests are adequately represented by Vermont, and they have not explained how their defense of Vermont's scheme would avoid duplicating the arguments and evidence presented by existing Defendants.  Finally, given the Court's recent order setting an expedited schedule for the case, affording Movants status as full parties, with the right to conduct discovery, present oral argument, and question witnesses, would unduly delay resolution of the case.

CONCLUSION

Therefore, CLF and VPIRG's motion to intervene as party defendants is DENIED.

Pending disposition of this motion to intervene, CLF and VPIRG were granted leave to move to file an amicus memorandum in advance of the hearing on Plaintiffs' Motion for a Preliminary Injunction.  Their May 31, 2011 motion to file an amicus memorandum has been granted.  (See Docs. 44, 49, 50.)  For the remainder of the case, where the Court requires briefing, CLF and VPIRG may continue to file, no later than seven days after the supported party files its

principal memorandum, a motion for leave of court to file as amicus curiae a joint memorandum of law.  The motion for leave to file must be accompanied by the proposed memorandum of law as an attachment and state (1) the movant's interest and (2) the reason why an amicus memorandum is desirable and why matters asserted are relevant to the disposition of the case.

An amicus curiae memorandum is of considerable help to the Court if it brings relevant matters that the parties have not already addressed to the Court's attention.  A filing that does not serve this purpose burdens the Court and is not favored.  The proposed amicus memorandum shall be no longer than 15 pages.  This limit is appropriate because an amicus memorandum is supplemental, it should address matters not adequately addressed by a party, and it may omit items included in a party's memorandum.

The proposed amicus memorandum must include a statement indicating whether a person other than the amicus curiae, its members, or its counsel, contributed money that was intended to fund preparing or submitting the memorandum, and if so, identify each person.  If the motion for leave to file as amicus curiae is granted, amicus curiae may not file a reply memorandum or participate in oral argument absent the Court's permission.  See, e.g., Fed. R. App. P. 29(a), prescribing similar procedures for amicus curiae briefs in appellate proceedings.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 2nd day of June, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
District Judge