UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|                                                                 |   |                          |
|-----------------------------------------------------------------|---|--------------------------|
|                                                                 | : |                          |
| ENTERGY NUCLEAR VERMONT YANKEE, LLC                             | : |                          |
| and ENTERGY NUCLEAR OPERATIONS, INC.,                           | : |                          |
|                                                                 | : |                          |
| Plaintiffs,                                                     | : |                          |
|                                                                 | : |                          |
| v.                                                              | : | File No. 1:11-cv-99 (jgm) |
|                                                                 | : |                          |
| PETER SHUMLIN, in his official capacity as                      | : |                          |
| GOVERNOR OF THE STATE OF VERMONT;                               | : |                          |
| WILLIAM SORRELL, in his official capacity as the                | : |                          |
| ATTORNEY GENERAL OF THE STATE OF                                | : |                          |
| VERMONT; and JAMES VOLZ, JOHN BURKE                             | : |                          |
| and DAVID COEN, in their official capacities as                 | : |                          |
| MEMBERS of THE VERMONT PUBLIC                                   | : |                          |
| SERVICE BOARD,                                                  | : |                          |
|                                                                 | : |                          |
| Defendants.                                                     | : |                          |
| _____                | : |                          |

MEMORANDUM AND ORDER
(Doc. 126)

Plaintiffs seek to preclude Defendants from presenting expert testimony expressing legal

conclusions as to the preemptive scope of the Atomic Energy Act, the purpose of the challenged

Vermont statutes, and the contractual effect of a change in state law.  (Doc. 126.)  Defendants

oppose the motion.  (Doc. 129.)  Trial on the merits is scheduled for September 12-14, 2011.

A ruling on whether to admit expert testimony is within the discretion of the trial judge

and will be set aside on appeal only if "manifestly erroneous."  United States v. Duncan, 42 F.3d

97, 101 (2d Cir. 1994).  Generally, expert testimony is admissible if it is helpful to the factfinder.

Fed. R. Evid. 702.  Expert testimony stating a legal conclusion, however, is inadmissible.

See Duncan, 42 F.3d at 101.

The Court declines to engage in a line-by-line review of Defendants' expert reports to rule on this motion.  To aid the parties in conducting expert depositions, however, the Court notes it will not consider expert testimony on purely legal issues and does not expect to hear such testimony at trial.  Ultimate legal issues are matters that counsel can and should argue to the Court -- such matters do not require the imprimatur of an "expert."  Opining that state laws are not preempted is a legal conclusion and not helpful to the Court.  However, use of the term "legitimate," or "reasonable," for example, does not automatically transform a statement into a legal conclusion.  See, e.g., Doc. 126-4 (Hinkley Expert Report) at 9.  The Court will hear testimony based on personal knowledge, experience in the nuclear industry, and research of legislative history but, as noted, the Court will not hear or rely upon opinions on ultimate legal issues to be determined by the Court.

As the trial of this matter will be a bench trial, there will be no danger a jury might give too much credence to a legal expert.  Should an expert attempt to offer purely legal conclusions at trial, the Court will hear and rule on objections.

As Defendants represent their experts will not offer testimony consisting of legal conclusions, see Doc. 129 at 7, Plaintiffs' motion in limine (Doc. 126) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of August, 2011.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge